**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-20199 CIV-HOEVELER

MAGISTRATE JUDGE BROWN

MOHINI DEWKINANDAN,
on behalf of herself and all
others similarly situated,

Plaintiff,

v.

FLORIDA HEALTH SERVICES, INC.,
a Florida corporation and ROY BARKER,

Defendants.

_________________________________ /

FILED BY ______
2008 JAN 23 PM 12:56
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIA.

## COMPLAINT

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," on behalf of herself and other similarly situated employees, to recover unpaid back wages, unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

1. Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

2. Defendant FLORIDA HEALTH SERVICES, INC., ("FLORIDA") at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business in Dada County, Florida, where it has been engaged in the nursing business.

3. Defendant ROY BARKER is a resident of Dada County, Florida.

4. At all times hereinafter mentioned, Defendant FLORIDA having been engaged in related activities performed through unified operation or common control for a common

business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, or otherwise working on goods or materials that have been moved in or produced for commerce; or using instrumentalities of commerce and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

5. At all times hereinafter mentioned, Defendant FLORIDA employed employees, including Plaintiff who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

6. During the period from approximately May 25, 2006 to December 15, 2006, Defendant FLORIDA employed Plaintiff DEWKINANDAN, and others, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate them for their employment in excess of 40 hours per week at a rate of at least one-half(½) and/or one and one-half(1½) times the regular rate at which they were employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay them the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

7. As a result of the underpayments of wages alleged above, Defendant FLORIDA is indebted to Plaintiff DEWKINANDAN and others for unpaid minimum wages and

overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff DEWKINANDAN, the compensation she received in workweeks in which excess hours were worked, and the basis upon which his wages were calculated are in the exclusive possession and under the sole custody and control of the Defendant FLORIDA.

8. As a result of the underpayment of wages alleged above, Plaintiff DEWKINANDAN estimates that Defendant FLORIDA is indebted to Plaintiff in the minimum amount of $27,520.73, which amount Defendant FLORIDA has refused to pay. This is only an estimate of the wages owed to Plaintiff DEWKINANDAN. Upon receipt of discovery from Defendant, Plaintiff will calculate the actual total damages due.

9. Pursuant to Section 16(b) of the Act, Plaintiff DEWKINANDAN is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant FLORIDA for a minimum estimate of $27,520.73, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

**COUNT II**
**(DEWKINANDAN v. ROY BARKER)**

10. Plaintiff repeats the allegations of paragraphs 1 through 8.

11. Defendant ROY BARKER is an officer of the corporation, actively participated in the business and exercised control over the functions of the employees.

12. As a result of the underpayment of wages alleged above, Plaintiff DEWKINANDAN calculates that Defendant ROY BARKER is indebted to Plaintiff in the total amount of $27,520.73, which amount Defendant ROY BARKER has refused to pay.

13. Pursuant to Section 16(b) of the Act, Plaintiff DEWKINANDAN is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant ROY BARKER for a minimum estimate of $27,520.73 an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

Dated: January 22nd, 2008
Palm Springs, FL

Respectfully submitted,

Joseph Bilotta, Esquire (Fla. Bar #0881414)
JoeB@vassallobilotta.com
Vassallo, Bilotta, Friedman & Davis
1630 South Congress Avenue
Suite 201
Palm Springs, FL 33461
Telephone: (561) 432-1994
Facsimile: (561) 432-1117
Attorney for Plaintiff

I, MOHINI DEWKINANDAN, consent to being named as a plaintiff in this action.

MOHINI DEWKINANDAN

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

MOHINI DEWKINANDAN, on behalf of herself and all others similarly situated,

**DEFENDANTS**

FLORIDA HEALTH SERVICES, INC., a Florida corporation and ROY BARKER,

08-20199 CIV-HOEVELER MAGISTRATE JUDGE BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph Bilotta, Esq., Vassallo & Bilotta, P.A.
1630 South Congress Avenue, Suite 201, Palm Springs, FL 33461
~~(561)432-1994~~

ATTORNEYS (IF KNOWN)

08cv20199-WMH/STB

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs.
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A OR B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.)

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 27,520.73 CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE DOCKET NUMBER

DATE 1-22-08 SIGNATURE OF ATTORNEY OF RECORD Joseph Bilotta, Esq. Florida Bar #0331414

FOR OFFICE USE ONLY

RECEIPT # 342090 AMOUNT 350.00 APPLYING IFP JUDGE MAG. JUDGE